The opinion of the Court was delivered by
Poché, J.
This is an action by the widow and heirs of William McCutclien, for the revival of a judgment rendered in his favor, and against this defendant, on the 20th of May, 1870.
In defense, it is urged that during the pendency of the original suit, a compromise had been effected between McCutclien and Askew, resulting in a full settlement of the promissory note sued on by plaintiff, who accepted, in lieu thereof, two other promissory notes; notwithstanding which settlement, the judgment now sought to be revived was rendered against him.
An inspection of the record of that suit discloses the fact that the judgment was rendered contradictorily, after answer filed by the defendant through counsel, and that the note sued on was filed in evidence.
*341 Nothing in. the judgment or in the proceedings appears irregular or informal, or discloses any defect which might possibly he construed as an absolute nullity of said judgment.
The rule that in an action for revival of a judgment no defense short of an absolute nullity of the original judgment, for want of citation or other radical defect, can avail the defendant, is so firmly settled in our jurisprudence, that it may now ho considered as elementary, and as forming part of the Statute which provides for the prescription of judgments, and points out the mode of reviving the same.
„ The defense, urged in this proceeding, if properly substantiated, would doubtless have proved a successful bar to plaintiffs’ original demand, and it may he the. proper basis for an action in nullity; hut in a suit for revival, no matters of defense, which could or should have been set up in the original suit, can he entertained.
• The object of such a proceeding is not to strengthen or. improve the original judgment, but merely to screen it from the operation of prescription, and the judgment of revival cannot have the effect of stripping the defendant of any means of attack, by a direct action, on said judgment for nullity.
The authorities on this point are so pointed and ample, that further comment becomes unnecessary. 33 A. 342, Folger & Son vs. Slaughter, et al.; 31 A. 326, Hammett vs. Sprowl, et al.; 30 A. 1330, Marbury vs. Pace; 29 A. 69, McStea vs. Rotchford, Brown & Co.; 23 A. 173, Drogu vs. Moreau.
This defense was properly rejected by the lower court.
The judgment appealed from is, therefore, affirmed af appellant’s costs.